```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

KENNETH C. HENDRICKS, WILLIAM C. KERRIGAN, ADRIAN OLIVARES,,

                Plaintiffs,

vs.                              Case No. 2:10-cv-526-FtM-29DNF

KEVIN RAMBOSK, as Sheriff of Collier County, Florida, DONALD C. HUNTER, individually, and as the former Sheriff of Collier County, THOMAS STORRAR, JR., individually and as the former Undersheriff of Collier County, SCOTT SALLEY, individually and in his official capacity as a chief with the Collier County Sheriff, RALPH SCALA, in his official capacity as a deputy with the Collier County Sheriff, ANDREW DREW in his official capacity as a deputy with the Collier County Sheriff, JOHN HURLEY, in his official capacity as a deputy with the Collier County Sheriff, JOSE LOPEZ, in his official capacity as a deputy with the Collier County Sheriff, JARRAD HORNE, individually, JEFF STORRAR, individually, BRIAN CALYORE, individually , Nicholas Chesley Alteen, individually, Cody James Martin, individually

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Jeff Storrar's Motion to Dismiss Second Amended Complaint (Doc. #76) filed on February 16, 2011; Defendant, Brian Calyore's, Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. #77) filed on February 25, 2011, and

Defendant's [Jarrad D. Horne] Second Motion to Dismiss (Doc. #84) filed on March 14, 2011. Plaintiffs filed Responses (Docs. ## 78; 81; 89.) Also before the Court is Defendant Martin and Alteen's Motion for Summary Judgment As to Count IX and Count X of Plaintiffs' Second Amended Complaint (Doc. #82) filed on March 9, 2011. Plaintiffs' filed a Response (Doc. #89) on March 23, 2011, and filed a Rule 56(d) Motion to Deny Summary Judgment as Premature (Doc. #87) on March 22, 2011. Defendants Alteen and Martin filed a Response (Doc. #88) to plaintiffs' Rule 56(d) Motion.

## I.

Plaintiffs filed an eleven-count Second Amended Complaint and Jury Demand (Complaint) (Doc. #74) and allege the following facts:

On or about May 4, 2008, Plaintiffs Kenneth C. Hendricks (Hendricks), William C. Kerrigan, III (Kerrigan), and Adrian Olivares (Olivares) (together plaintiffs) were at Olivares' home having a party that started around 10:30 p.m. Sometime after 2:00 a.m., four new people arrived at the party, Tyler Mullins (Mullins), Defendant Jarrad D. Horne (Horne), Defendant Jeff Storrar (J. Storrar), and Defendant Brian Calyore (Calyore). Because the new guests were drunk and loud, Olivares and Hendricks asked the four new guests to leave the party around 2:45 a.m., which they did. A short time later, Mullins returned to Olivares' home and told plaintiffs that there had been a fight, where one guy, Defendant Cody James Martin (Martin) had pulled a knife and

Horne had broken his hand. Subsequently, patrol cars arrived at Olivares' home. (Doc. #74, ¶¶ 8-11.)

Collier County Deputies Ralph Scala (Deputy Scala), Andrew Drew (Deputy Drew), and John Hurley (Deputy Hurley) arrived at Olivares' home in response to a call by Martin and Defendant Nicholas Chesley Alteen (Alteen). Martin and Alteen asserted that they had been attacked with a crowbar and a knife, and gave a description of their attackers' vehicle - which was the vehicle in Olivares' driveway. In their report, Deputies Scala, Hurley, Drew and Jose Lopez (Deputy Lopez) stated that they drove Martin and Alteen to Olivares' home for a "show up" identification of their attackers.

Martin and Alteen lied to the deputies and identified Hendricks, Kerigan, Olivares and Mullins as their attackers. Martin and Alteen also did not tell the deputies that they in fact knew plaintiffs from Naples High School and "from around". Mullins contradicted Martin and Alteen at the scene and reported that plaintiffs were not involved in the fight, but rather it was him (Mullins), Horne, J. Storrar, and Calyore who were involved in the fight. Additionally, Mullins stated that J. Storrar's dad worked for the Sheriff's Department. Deputy Lopez allegedly then "cussed" at Mullins and told him that he didn't want Storrar's name mentioned again. (Doc. #74, ¶¶ 12-14.) J. Storrar is the son of

then acting undersheriff of Collier County, Defendant Tom Storrar, Jr. and the godson of then Sheriff Defendant Donald C. Hunter.

Deputies Scala, Drew, Hurley and Lopez handcuffed and detained Hendricks, Kerrigan, Olivares and Mullins for more than an hour. Deputy Lopez told plaintiffs and the other deputies at the scene that the plaintiffs had been identified by Martin and Alteen. Plaintiffs were arrested, transported to jail and charged with Felony Battery, Florida Statute § 784.041, and Robbery - Armed with Other Weapon, Florida Statute § 812.13-2B. Mullins and Kerrigan were held without bond. (Id. at ¶¶ 15-17.)

Plaintiffs had no bruises or any other signs that would indicate that they had been in a fight, nor did they possess any of the weapons that Martin and Alteen claimed had been used in the fight. During the entire detention and arrest, plaintiffs maintained their innocence to Deputies Scala, Drew, Hurley, and Lopez and identified witnesses who could confirm that they never left Olivares' home. In the days following plaintiffs' arrest, several witnesses came forward and corroborated plaintiffs' story that they had never left the house, but that Mullins, Horne, J. Storrar and Calyore were there and left and that Mullins returned claiming that he (Mullins), Horne, J. Storrar, and Calyore had been in a fight. The names and statements were delivered to the Collier County Sheriff. None of the witnesses were ever contacted until August 2008, when the Florida Department of Law Enforcement was

prompted to investigate the arrests by Hendricks' attorney. (Id. at ¶¶ 18-19.)

Additionally, the Sheriff's Department posted plaintiffs' pictures, along with Mullins' picture, in a "Robbery Bulletin", dated April 21, 2008 to May 4, 2008, that stated that plaintiffs' had been arrested for robberies in Collier County and asked for other victims to come forward and report any additional crimes plaintiffs' may have committed. Plaintiffs maintain they committed no robberies and there was no evidence linking them to any robberies. (Doc. #74, ¶¶ 23-24.)

On or about May 5, 2008, an article entitled "Four Jailed After Alleged Robbery Attempt" appeared on the Naples Daily News website. The article identified plaintiffs as three of the men charged with armed robbery and felony battery and stated that Martin and Alteen had identified them as their attackers. Martin commented on the online article and made several statements including that it was "a shame they decided to do what they did" and that he hoped "all four individuals will learn something from this" and try to be "productive citizens". These comments appeared on the Naples Daily News website. (Id. at ¶¶ 119-122.)

On or about June 3, 2008, the Sheriff's Department closed the case. On or about August 21, 2008, Hendricks' attorney contacted the Florida Department of Law Enforcement to investigate the case further. Deputy Lopez conducted follow-up interviews with J.

Storrar and Calyore. On or about August 27 and 28, 2008, J. Storrar and Calyore admitted that it was Mullins, Horne, J. Storrar and Calyore that were involved in the incident with Martin and Alteen. J. Storrar also reported that Martin had drawn a knife during the incident. (Id. at ¶¶ 24-25.)

On or about September 9, 2008, four months after plaintiffs were arrested, the State filed a disposition notice that it had insufficient evidence against Hendricks and Kerrigan. On or about October 7, 2008, five months after he was arrested, the State filed a disposition notice that it had insufficient evidence against Olivares. On or about October 6, 2008, the Collier County Sheriff prepared and transmitted a capias request to the State Attorney to charge Martin and Alteen with perjury not in an official proceeding, and a warrant request for Horne for robbery and battery. On or about November 7, 2008, both requests were denied and Deputy Lopez closed the case. (Id. at ¶¶ 26-30.)

All plaintiffs allege that they suffered emotional distress including anguish and humiliation, as well as costs associated with their criminal defense and loss of income. Additionally, Olivares suffered extreme depression after finding out that the felony charges would preclude him from obtaining a medical assisting license, shot himself, and barely survived.

Only Counts VIII, IX, and X are at issue at this time. Count VIII alleges an intentional infliction of emotional distress claim

n/a
n/a

against Horne, J. Storrar and Calyore for failing to disclose it was they who attacked Martin and Alteen and allowing plaintiffs to be arrested for their crimes. (Id. at 104-108.)

Count IX alleges an intentional infliction of emotional distress claim against Martin and Alteen because they knew they were not attacked by plaintiffs and they intentionally lied to authorities and identified plaintiffs as their attackers. (Doc. #74-1, ¶¶ 110-117.) Count X is also against Martin and Alteen for defamation concerning the false statements they made to the police, as well as false statements Martin made on the Naples Daily News online article that identified plaintiffs as charged with armed robbery and felony battery. (Id. at ¶¶ 119-126.)

**II.**

The Court will first address the motions to dismiss. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In their motions to dismiss, Defendants Jeff Storrar, Brian Calyore and Jarrad Horne assert that plaintiffs have failed to state a claim for intentional infliction of emotional distress in Count VIII.  Plaintiffs respond that these defendants' failure to disclose to the Collier County Sheriff that the wrong persons were arrested was intentional, reckless, extreme, and outrageous and it caused severe emotional distress to plaintiffs.  Assuming the facts are as set forth in the Complaint, the Court finds that Count VIII fails to state a claim upon which relief may be granted.

The elements of an intentional infliction of emotional distress claim are:

> (1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;

    (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;

    (3) the conduct caused emotion[al] distress; and

    (4) the emotional distress was severe.

Gallogly v. Rodriquez, 970 So. 2d 470, 471 (Fla. 2d DCA 2007)(citations omitted). Defendants argue that the alleged conduct is insufficient to satisfy the second element of such a claim.

The outrageous conduct must be "so extreme in degree as to go beyond all possible bounds of decency, be regarded as atrocious, and intolerable in a civilized community." Byrd v. BT Foods, Inc., 948 So. 2d 921, 928 (Fla. 4th DCA 2007)(quotations and citations omitted). This standard is extremely high. State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So. 2d 1210, 1213 (Fla. 5th DCA 1995)("It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort.") Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993)(quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)).

The Court finds that the conduct described in the Complaint is insufficiently severe to sustain a claim for intentional infliction of emotional distress under Florida law. See, e.g., Valdes v. GAB Robins N. Am., Inc., 924 So. 2d 862, 866 (Fla. 3d DCA 2006)(investigating and then making false statements to state agency which lead to plaintiff's arrest was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society."); Legrande v. Emmanuel, 889 So. 2d 991, 995 (Fla. 3d DCA 2004)(clergyman falsely branded a thief in front of parishioners failed to state claim of intentional infliction of emotional distress); Southland Corp. v. Bartsch, 522 So. 2d 1053 (Fla. 5th DCA 1988)(7-Eleven pressing charges for theft of gum by a 6 year old, although charges later dropped, not found to be outrageous).  Therefore, the motions to dismiss Count VII will be granted on this basis.

### III.

The Court will now address Defendant Martin and Alteen's Motion for Summary Judgment as to Counts IX and Count X.  Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the

nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

Plaintiffs filed a Rule 56(d) Motion to Deny Summary Judgment As Premature, arguing that a fuller factual record is necessary to determine the outcome of their claims. (Doc. #87, p. 2.) Rule 56(d)[1] provides that "[i]f a nonmovant shows by affidavit or

---

[1]Certain amendments to the Federal Rules of Civil Procedure took effect on December 1, 2010. Among those revisions were changes (continued...)

declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) is "infused with a spirit of liberality." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 844 (11th Cir. 1989). The Court has discretion to grant or deny Rule 56(d) motions. Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989).

As a general rule, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); Snook v. Trust Co. of Georgia Bank, N.A., 859 F.2d 865, 870 (11th Cir. 1988)("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"). Thus, "[i]f the documents or other discovery sought

---

[1](...continued)
to Rule 56, including a renumbering of the former Rule 56(f) as Rule 56(d), along with minor changes to that subsection. The Court will apply the new Rule 56(d); however, much of the case law construing the former Rule 56(f) applies with equal force to the current iteration of the rule.

would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." Snook, 859 F.2d at 870.  However, plaintiffs "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Reflectone, 862 F.2d at 843 (quoting Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983)(internal citations omitted)).

As to Count IX, which alleges intentional infliction of emotional distress against Martin and Alteen, it is clear that plaintiffs' fail to state a claim upon which relief may be granted and that, assuming the facts to be developed fully support plaintiffs' allegations and the statute of limitations has not expired, defendants would nonetheless be entitled to judgment as a matter of law.  As stated above, pursuant to Florida law, there is a high standard for pleading, let alone proof, of an intentional infliction of emotional distress claim. See e.g., Byrd, 948 So. 2d at 928; Novotny, 657 So. 2d at 1213.  Here, plaintiffs assert that Martin and Alteen purposefully and wrongly identified plaintiffs as their attackers and falsified the details of the incident.  The Court finds as a matter of law that the conduct described in the

Complaint is insufficiently severe to sustain a claim for intentional infliction of emotional distress. See Valdes, 924 So. 2d at 866 (investigating and then making false statements to state agency which lead to plaintiff's arrest was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society."); LeGrande, 889 So. 2d at 994-995. Therefore, plaintiffs' Rule 56(d) motion will be denied as to this count and summary judgment will be granted in favor of defendants as to Count IX.

Count X of the Complaint is against Martin and Alteen for defamation. Plaintiffs' base their defamation claim on Martin and Alteen's false accusation to the Collier County Sheriff Department that plainitffs' were their attackers. Additionally, plaintiffs' base their defamation claim against Martin on his comments that appear in the Naples Daily News online article. In their summary judgment motion, defendants argue that Count X is time-barred. Plaintiffs respond that defendants are "estopped from asserting a statute of limitations defense . . ." (Doc. #87, p. 3), and assert that they need depositions of certain defendants to show that Martin and Alteen were untruthful in their reporting of the incident and untruthful in their identification of plaintiffs as their attackers. (Id. at 4.)

After reviewing Martin and Alteen's summary judgment motion, plaintiffs' response and Rule 56(d) motion, as well as defendants' response to the Rule 56(d) motion, the Court finds, as described below, that there is no genuine issue of material fact and that additional discovery would not enable plaintiffs to justify its opposition.  Thus, plaintiffs Rule 56(d) motion is denied, and the Court will consider Martin and Alteen's motion for summary judgment as to Count X.

Defendants argue that they should be granted summary judgment because plaintiffs' defamation claims are barred by the two-year statute of limitations.  There is no dispute that the conduct on which plaintiffs' claims are based on occurred over two years prior to their filing of the Complaint.  (Doc. #86, p. 8.)

"The elements of a claim for defamation are as follows: '(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory.'"  Internet Solutions Corp. v. Marshall, 39 So. 3d 1201, 1214 n.8 (Fla. 2010)(quoting Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008)).  Additionally, "[t]he legislature has established unequivocal guidelines governing the statute of limitations for defamation suits and has decided on a two-year period: . . ."  Wagner, Nugent, Johnson, Roth, Romano,

Erikson & Kupfer, P.A. v. Flanagan, 629 So. 2d 113, 114 (Fla. 1993)(citing Fla. Stat. § 95.11)). Further, "[a] cause of action for defamation accrues on publication: . . ." Id. at 115 (citing Fla. Stat. § 770.07). Plaintiffs assert in both their Response and in their Rule 56(d) motion that Martin and Alteen should be estopped from relying on a statute of limitations defense because plaintiffs did not discover that Martin and Alteen were lying to the Collier County Sheriffs and that Martin lied in his comments to the Naples Daily News online article until discovery commenced in this case. (Docs. #86, p. 9; Doc. #87, p. 3.) This position has been rejected by the Florida courts.

In Wagner, the plaintiff argued that because he did not learn of the alleged defamation until six months after the publication, the statute of limitations period should run from the time of discovery, not publication. Wagner, 629 So. 2d at 114. However the Court found that the case was controlled by the plain language of the applicable Florida statutes. Id. Thus, since the plaintiff had filed suit more than two years after the publication of the defamation, his suit was time-barred, regardless of the timing of his discovery of the defamation. "To rule otherwise would allow potentially endless liability since Florida Statutes contains no statute of repose for this particular tort." Id. at 115.

Additionally, the doctrine of estoppel does not apply to plaintiffs' claims.

-16-

> The doctrine of equitable estoppel has been recognized and applied in numerous contexts by the supreme court since the inception of statehood. [ ] The doctrine has also been recognized as a valid defense to a limitations-period defense. [ ] However, equitable estoppel presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct. [ ] Stated another way, equitable estoppel arises where the parties recognize the basis for suit, but the wrongdoer prevails upon the other to forego enforcing his right until the statutory time has lapsed.

Ryan v. Lobo de Gonzalez, 841 So. 2d 510, 518-19 (Fla. 4th DCA 2003)(internal citations and quotations omitted). Thus, equitable estoppel only applies when the plaintiff recognizes the basis for suit but the defendant's conduct induces the plaintiff to forbear filing suit within the limitations period. In this case, like in Ryan, equitable estoppel does not support plaintiffs' claims because, even taking all of plaintiffs' allegations as true, plaintiffs' were not aware that they had a cause of action until after the statute of limitations ran. Therefore, they were not induced by defendants' actions to forgo filing suit within the limitation period. See id. at 520.

There is no dispute that the alleged defamation was published on or about May 4, 5, and 10, 2008 and June 28, 2008, and plaintiffs' Complaint that first alleged defamation against Martin and Alteen was filed on August 31, 2010. (See Doc. #6, ¶¶ 117-125.) Since the Complaint was filed more than two years after the defamation cause of action accrued, their claim is time-barred pursuant to Florida law.

Accordingly, it is now

**ORDERED**:

1. Jeff Storrar's Motion to Dismiss Second Amended Complaint (Doc. #76) is **GRANTED** to the extent that Count VIII is dismissed with prejudice as to defendant Jeff Storrar.

2. Defendant, Brian Calyore's, Motion To Dismiss Plaintiffs' Second Amended Complaint (Doc. #77) is **GRANTED** to the extent that Count VIII is dismissed with prejudice as to defendant Brian Calyore.

3. Defendant's Second Motion To Dismiss (Doc. #84) is **GRANTED** to the extent that Count VIII is dismissed with prejudice as to defendant Jarrad D. Horne.

4. Plaintiffs' Rule 56(d) Motion To Deny Summary Judgment as Premature and Response to Defendants Martin and Alteen's Motion For Summary Judgment As To Counts IX and X of Plaintiffs' Amended Complaint (Doc. #87) is **DENIED.**

5. Defendants Martin and Alteen's Motion For Summary Judgment As To Count IX and Count X Of Plaintiffs' Second Amended Complaint (Doc. #82) is **GRANTED** to the extent that summary judgment is entered in favor of defendants James Martin and Nicholas Chesley Alteen and against plaintiffs as to Count IX and Count X of the Second Amended Complaint.

6. The Clerk shall terminate defendants Jeff Storrar, Brian Calyore, Jarrad D. Horne, James Martin, and Nicholas Chesley Alteen

on the docket but withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record