UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH C. HENDRICKS, WILLIAM C.
KERRIGAN, ADRIAN OLIVARES,

                    Plaintiffs,

vs.                                Case No.  2:10-cv-526-FtM-29DNF

KEVIN RAMBOSK, as Sheriff of Collier
County, Florida, DONALD C. HUNTER,
individually, and as the former
Sheriff of Collier County, THOMAS
STORRAR, JR., individually and as
the former Undersheriff of Collier
County, SCOTT SALLEY, individually
and in his official capacity as a
chief with the Collier County
Sheriff, RALPH SCALA, in his
official capacity as a deputy with
the Collier County Sheriff, ANDREW
DREW in his official capacity as a
deputy with the Collier County
Sheriff, JOHN HURLEY, in his
official capacity as a deputy with
the Collier County Sheriff, JOSE
LOPEZ, in his official capacity as a
deputy with the  Collier County
Sheriff, JARRAD HORNE, individually,
JEFF STORRAR, individually, BRIAN
CALYORE, individually , Nicholas
Chesley Alteen, individually, Cody
James Martin, individually,

                    Defendants.
_____


## OPINION AND ORDER


     This matter comes before the Court on defendants Martin and

Alteen's Rule 11 Motion for Sanctions and Rule 54 Motion for

Attorneys' Fees and Costs (Doc. #94) filed on April 26, 2011, and

defendant Jeff Storrar's Rule 11 Motion for Sanctions and Rule 54

Motion for Attorneys' Fees and Costs (Doc. #97) filed on May 2, 2011. Plaintiffs filed Responses in Opposition (Docs. #101, #102). Having prevailed on portions of a motion to dismiss and a motion for summary judgment, defendants seek to impose Rule 11 sanctions and recover Rule 54 costs and fees. For the reasons set forth below, both motions are denied.

On April 14, 2011, the Court entered an Opinion and Order (Doc. #91) granting Jeff Storrar's motion to dismiss Count VIII because the conduct alleged in the Complaint was insufficiently severe to sustain a claim for intentional infliction of emotional distress, and granting defendants Cody James Martin and Nicolas Chesley Alteen's Motion for Summary Judgment as to Count IX and Count X of Plaintiffs' Second Amended Complaint (Doc. #82). The Clerk was directed however to withhold the entry of judgment pending the conclusion of the case. While the Court ruled in favor of defendants on the specific issues, the Court did not find that the counts were frivolous or filed in bad faith. Nonetheless, defendants seek to recover Rule 11 sanctions and Rule 54 costs and fees.

"Under Rule 11, sanctions are properly assessed when: (1) a party files a pleading that has no reasonable factual basis; (2) the party files a pleading based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading

in bad faith for an improper purpose." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 637 n.12 (11th Cir. 2010)(citation omitted). In making the determination, the Court must evaluate whether "the party's claims are objectively frivolous" and whether "the person who signed the pleadings should have been aware that they were frivolous." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)(citing McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1563 (11th Cir. 1992)).  The Court finds that defendants have not satisfied this standard under the facts of this case.

All Defendants also seek attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d), and defendants Martin and Alteen also seek fees pursuant to Florida Statute Section 57.105. Under Rule 54(d), costs should be allowed to the prevailing party, and attorney's fees must be claimed by motion to be filed no later than 14 days after the entry of judgment, with the basis articulated and with amount sought provided.  Fed. R. Civ. P. 54(d).  In this case, although plaintiffs do not dispute that defendants are prevailing parties, the motion is premature and lacks the necessary supporting documents.  The Court specifically withheld the entry of judgment until the conclusion of the case, and therefore the motions will be denied as premature but without prejudice to filing a supported request at the appropriate time.

-3-

Defendants Martin and Alteen also seek fees pursuant to Florida Statute Section 57.105, which allows for attorney's fees to be awarded if a claim was unsupported, or presented for the purpose of unreasonable delay. Fla. Stat. § 57.105(1), (2). Monetary sanctions cannot be awarded if the Court finds that the claim was presented in good faith. Fla. Stat. § 57.105(3). As with the Rule 11 motion, the Court finds that sanctions are not appropriate in this case because defendants have failed to satisfy the standard.

Accordingly, it is now

**ORDERED**:

1.   Defendants Martin and Alteen's Rule 11 Motion for Sanctions and Rule 54 Motion for Attorneys' Fees and Costs (Doc. #94) is **DENIED**.

2.   Defendant Jeff Storrar's Rule 11 Motion for Sanctions and Rule 54 Motion for Attorneys' Fees and Costs (Doc. #97) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2011.


JOHN E. STEELE
United States District Judge


Copies:
Counsel of record

-4-